IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

J.G.,

          Plaintiff,

          v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

          Defendant.

Civil No. 20-5575 (RMB)

**OPINION**

**BUMB**, United States District Judge:

This matter comes before the Court upon an appeal by Plaintiff J.G. from a denial of social security disability benefits.

For the reasons set forth below, the Court vacates the decision of the Administrative Law Judge ("ALJ") and remands for proceedings consistent with this Opinion's reasoning.

I.      **STANDARD OF REVIEW**

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Cons. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. See Friedberg v. Schweiker, 721 F.2d

445, 447 (3d Cir. 1983); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000).  The Court's review of legal issues is plenary. Sykes, 228 F.3d at 262 (citing Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v).  The analysis proceeds as follows:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity[.]" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is not disabled. Id. Otherwise, the ALJ moves on to step two.

> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" Id. §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, he is not disabled. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has such an impairment, the ALJ moves on to step three.

At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations[.]" Smith, 631 F.3d at 634. If the claimant's impairments do, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves on to step four.

At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work."2 *202 Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [he] can still do despite [his] limitations." Id. §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform his past relevant work despite his limitations, he is not disabled. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot, the ALJ moves on to step five.

At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] ... age, education, and work experience[.]" Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he cannot, he is disabled.

Hess v. Comm'r Soc. Sec., 931 F.3d 198, 201–02 (3d Cir. 2019).

## II.   FACTS

The Court recites only the facts that are necessary to its determination on appeal. Plaintiff, who was 36 years old at the alleged onset date, claims disability, in part, due to diagnoses of failed back syndrome, spinal stenosis, radiculopathy, migraine disorder, sleep apnea, adjustment disorder, anxiety, depression, agoraphobia, attention deficit disorder, and post-traumatic stress disorder.  Plaintiff's Brief at 1.

In support of his claim, Plaintiff provides, among other documents, his hearing testimony, hospital reports documenting his back operation; hospital records from the Philadelphia Veterans Affairs Medical Center; mental status examination records from Theodore J. Brown, PhD.; consultative examination reports from William Anthony,

3

M.D.; clinical psychological disability examination reports from Ronald Karpf, PhD.; examination reports from neuropsychiatrist Bradford Bobrin, M.D.; educational records from Riverside High School, Rowan University, and the University of the Sciences; and medical assessments regarding his physical abilities from AtlanticCare Behavioral Health.

III.     **ALJ'S DETERMINATION**

The ALJ found Plaintiff not disabled.  The ALJ determined Plaintiff's impairments of failed back syndrome, radiculopathy, migraines, and chronic pain syndrome to be severe. Tr. 13.  However, the ALJ determined that Plaintiff's medically determinable mental impairments of adjustment disorder, major depressive disorder, post-traumatic stress disorder ("PTSD"), and attention deficit disorder ("ADD"), "considered singly and in combination, do not cause more than a minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere."  *Id.*  At Step Two and Step Three of the sequential evaluation process, the ALJ concluded that Plaintiff's severe failed back syndrome, radiculopathy, migraines, and chronic pain syndrome were "medically determinable impairments significantly limit[ing] the ability [of Plaintiff] to perform basic work activities as required by SSR 85-28."  Tr. 13.  Plaintiff's mental impairments, according to the ALJ, did not meet or medically equal one of the Commissioner's listed impairments in 20 C.F.R. Appendix 1, Subpart P.  Tr. 13-17.  In determining Plaintiff's residual functional capacity, the ALJ found that Plaintiff could perform a range of light work with a sit or stand option and occasional postural movements. Tr. 17-22.  At Step Five, the ALJ concluded that Plaintiff could perform work that exists in substantial numbers in the national economy, namely the positions of routing clerk, mail clerk, or assembler of small products.  Tr. 23-24.  Accordingly, the ALJ found Plaintiff not

to be disabled.  Tr. 24.

In her decision, the ALJ heavily relied upon the fact that Plaintiff has attended college and medical school over the past several years and that he has had some ability to care for his young children.  The ALJ frequently noted that Plaintiff has been able to attend college, take the MCAT, attend medical school, and care for his children.  Tr. 15, 16, 21, 21.

The ALJ assigned little weight to the opinions of consultative examiners Theodore Brown, Ph.D. and Ronald Karpf, Ph.D. as their opinions, in her own words, "are dated and outweighed by the evidence as a whole."  Tr. 14.  Dr. Brown diagnosed Plaintiff with major depression disorder, learning disorder, NOS [not otherwise specified], and pain disorder. Tr. 13.  Dr. Brown also reported that Plaintiff needed help with daily activities due to physical limitations and that Plaintiff's wife handled the cooking, cleaning, laundry, and shopping for their household.  *Id.*  Dr. Karpf found Plaintiff to have adjustment disorder with mixed anxiety and depressed mood, and agoraphobia, and noted Plaintiff's problems with absenteeism and tardiness.  Tr. 14.  In support of her finding that the consultative examiner's opinions are outweighed by the evidence as a whole, the ALJ cited Plaintiff's college and medical school attendance and caring for his children.  *Id.*

The ALJ also accorded little weight to the statements provided by Plaintiff from physicians indicating that he could not work or that he required accommodations due to PTSD, depression, ADD, cognitive issues, and chronic pain.  Tr. 14.  The ALJ described Dr. Bobrin's statements as "overly restrictive" despite the doctor's assessment that Plaintiff had PTSD, ADD, and various moderate, marked, and extreme limitations in functioning. Tr. 14.  The ALJ noted that Dr. Bobrin had only been treating Plaintiff for a year and determined that the doctor's findings were "internally inconsistent," in that the doctor's

notes indicate an "improvement in functioning with medications and [Plaintiff] was able to attend medical school." *Id.*

Little weight was also accorded to the opinions of State agency psychological consultants Hugo Roman Rivera, Ph.D. and J. Tendler, M.D. as "they have no treating or examining relationship with the claimant and their opinions are dated and outweighed by the evidence as a whole." Tr. 15. In support of this determination, the ALJ noted, again, that Plaintiff has been able to attend college and medical school and care for his children.

As for the four "Paragraph B" criteria for mental impairments, the ALJ determined that Plaintiff had only a "mild" limitation in each category. Tr. 15-16. In support of her finding, the ALJ noted his college and medical school attendance in each of the four "Paragraph B" areas, as well as his alleged ability to care for his children. *Id.*

In consideration of Plaintiff's residual functional capacity, the ALJ again made mention of Plaintiff's schooling and childcare but described that "he needed help putting on his socks and belt and it was painful to transition from sitting to standing." Tr. 17. The ALJ also acknowledged that Plaintiff received accommodations for school, such as extended time for tests and assignments (Tr. 18), "did well on his MCAT's," and attended school full-time. Tr. 20. The ALJ afforded little weight to the opinions of Plaintiff's Veterans Affairs records as "these varying opinions were offered in the context of establishing disability for purposes of VA disability benefits," all while using a different standard of disability from Social Security. *Id.* Again, the ALJ afforded little weight to Dr. Bobrin's medical source statements as Plaintiff "has been able to maintain a full-time school course load, attend college, take the MCAT's, and attend medical school." Tr. 21. The ALJ concluded that "the record suggests that his symptoms are controlled by conservative

6

measures alone." *Id.*

As for the State agency opinion of Plaintiff's physical abilities, the ALJ afforded little weight as Harpreet Khurana, M.D. had no treating or examining relationship with Plaintiff. Tr. 22. The ALJ did afford partial weight to the statements from Plaintiff's mother-in-law but noted that she does not "offer any specific functional limitations for consideration and she is not an acceptable medical source." *Id.*

IV. **ANALYSIS**

Among other arguments, Plaintiff argues that the ALJ erred in repeatedly relying on Plaintiff's school attendance and household activities while failing to adequately weigh the testimony and evidence detailing Plaintiff's failures in those areas. Plaintiff's Brief at 16. Plaintiff alleges that the ALJ dismissed Plaintiff's conditions and rejected the opinion of treating sources and instead used the school and family activity evidence as the sole proof of Plaintiff's abilities. Tr. 14.

The Commissioner argues that the ALJ fairly characterized Plaintiff's activities of daily living and appropriately weighed them as a factor, along with other probative evidence, when assessing Plaintiff's claim. While the Commissioner's brief supplies a detailed review of the record in support of the ALJ's finding, the ALJ's decision, however, does not contain such helpful analysis. The Commissioner's brief contains numerous citations to the record that are missing from the ALJ's decision, making review difficult for this Court. Without such detailed analysis, it does appear therefore that the ALJ unduly relied upon the fact that Plaintiff attended college and medical school. The Court is unclear as to what evidence the ALJ considered and rejected, and why. Her decision must provide further details and analysis addressing the foregoing arguments.

Plaintiff also alleges that the ALJ erred in failing to find at Step Two the presence of severe mental health impairments and failed to incorporate limitations consistent with Plaintiff's mental health impairments in determining his residual functional capacity. Plaintiff's Brief at 21.  According to Plaintiff, the ALJ rejected the findings and conclusions of Dr. Brown, Dr. Karpf, Plaintiff's treating physician Dr. Bradford Bobrin, psychiatric treatment notes, and Plaintiff's own testimony "despite the opinions of two consultative examiners, years of treating physician notes, and reports spanning multiple years." *Id.* at 23.  Additionally, despite the ALJ finding Plaintiff's migraines and chronic pain to be severe (Tr. 13), she did not incorporate these findings with respect to relevant limitations in the residual functional capacity analysis.  "Functional limitations caused by all impairments, whether found to be severe or non-severe at step two, must be taken into consideration at steps three, four, and five of the sequential evaluation." Brown v. Astrue, 2010 WL 4455825, at *4 (E.D.Pa. Nov. 4, 2010).  Surprisingly, the Commissioner's brief makes no mention of the ALJ's finding that Plaintiff's migraines and chronic pain syndrome were severe in addressing Plaintiff's argument that the ALJ failed to incorporate these findings into her residual functional capacity analysis.

Plaintiff also argues that the ALJ erred in the evaluation of opinion evidence of record.  Plaintiff's Brief at 25.  Here, as before, Plaintiff argues that the ALJ discounted documented medical opinion evidence because "the claimant has been able to attend college and medical school since the alleged onset date. He cares for his 3 children." Tr. 22.  The Court acknowledges that while these facts are probative, the ALJ's decision fails to analyze the numerous findings and medical opinions.  Again, the Commissioner supports the ALJ's finding with numerous citations to the record not present in the ALJ's decision, rendering

an analysis of these points difficult for the Court.

The Court concludes that remand, as opposed to reversal, is appropriate.  On remand, the ALJ may revisit her evaluation of Dr. Bogrin's examination and provide further rationale for her discounting of the medical opinion evidence.  To the extent that contradictory medical evidence can be cited, the ALJ may do so and perhaps arrive at the same conclusion.  On the whole, the ALJ's form rejection of Plaintiff's claims based upon his school attendance and childrearing abilities is threaded throughout the decision and may rightfully determine the ALJ's ultimate analysis.  Her decision, however, must take into account and adequately weigh the opinion evidence provided by Plaintiff and, more specifically, set forth her findings so that an informed review, if necessary, can be conducted.  At this juncture, the ALJ must revisit her analysis consistent with the law and record facts discussed herein.  As such, the Court **vacates** the decision of the ALJ and remands for proceedings consistent with the above analysis.

An accompanying Order will follow.


Date:8/31/2021                                  /s/ Renée Marie Bumb
                                                RENÉE MARIE BUMB, U.S.D.J.